UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAYMOND ALVEAR, JR., ROBERT MASSEY, DAVID STOUGH, and ANDREW KEIGANS, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>THE SALVATION ARMY, a Georgia corporation,<br><br>   Defendant. | CIVIL ACTION NO.<br><br>1:22-CV-0979-SEG |

## **O R D E R**

Plaintiffs filed this lawsuit on March 9, 2022, alleging that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. They bring their claims as a collective action under 29 U.S.C. § 216(b) on behalf of:

> All persons who, between March 9, 2019 and the date of final judgment, are, were, or will be enrolled in any Salvation Army Adult Rehabilitation Center or Program operated by Defendant who perform, performed, or will perform work for Defendant and are, were, or will be paid less than the applicable federal minimum wage.

(Doc. 1 at 5, Compl. ¶ 8). On July 27, 2022, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which this Court may grant relief.[1] (Doc. 63.)

The parties have filed a stipulation concerning tolling the statute of limitations "for individuals within the scope of the proposed collective action from August 15, 2022 until such date as the Court enters a ruling on the motion to dismiss." (Doc. 68 at 2.) They seek a court order approving this stipulation. (*Id*.) The Court DECLINES TO ADOPT the parties' proposed order. Equitable tolling "is an extraordinary remedy that should be used sparingly, and the plaintiff bears the burden of demonstrating that tolling is warranted." *Jackson v. Fed. Nat'l Mortg. Ass'n.*, No. 1:15-cv-1411-AT, 2016 WL 8938515, at * 1 (N.D. Ga. July 25, 2016) (internal quotation omitted) (denying plaintiff's motion to toll the statute of limitations for putative opt-in plaintiffs for the time between the Court's grant of collective action certification and the date notice to all putative class members was completed). It appears to the Court that the parties could accomplish their

---

[1] Defendant originally filed the motion to dismiss at Doc. 61, but this filing did not include the brief in support. Defendant then re-filed the motion to dismiss at Doc. 63 and attached the brief in support. The Clerk is DIRECTED to terminate the motion at Doc. 61 and notate that entry as a filing error.

desired goal, without Court action, if Defendant stipulated to waive a statute of limitations defense concerning the affected individuals.

The parties have also filed a joint preliminary report and discovery plan. (Doc. 69). Discovery in this Court typically does not begin until thirty days after the appearance of the first defendant by answer. *See* Local Rule 26.2 (noting that "[t]he discovery period shall commence thirty days after the appearance of the first defendant by answer to the complaint, unless the parties mutually consent to begin earlier."). The Court therefore declines to enter a scheduling order at this time. Should the parties mutually consent to begin discovery before the Court rules on the motion to dismiss, they may file a joint notice to that effect.

**SO ORDERED** this 19th day of August, 2022.

_____
SARAH E. GERAGHTY
United States District Judge