IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAYMON ALVEAR, JR., ROBERT MASSEY, DAVID STOUGH, and ANDREW KEIGANS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE SALVATION ARMY, a Georgia corporation,<br><br>Defendant. | Case No.: 1:22–cv–00979-SEG |

**ORDER CONDITIONALLY CERTIFYING COLLECTIVE ACTION AND APPROVING PROPOSED NOTICE PURSUANT TO STIPULATION**

Upon review of the Parties' Joint Motion for Entry of Order Conditionally Certifying Collective Action and Approving Proposed Notice Plan Pursuant to Stipulation ("216(b) Stipulation") and the papers submitted by both Parties, the Court hereby GRANTS the Parties' 216(b) Stipulation. Through the First Amended Complaint and the evidence before the Court, Plaintiffs have made substantial allegations that they are "similarly situated" to other current and former ARC participants under 29 U.S.C. § 216(b), and that permitting this case to proceed as a collective action would promote judicial economy and avoid the risk

of inconsistent judgments. Pursuant to *Hoffman-LaRoche v. Sperling*, 439 U.S. 165 (1989), notice should issue to the proposed collective. The form of notice and consent form submitted by the Parties is sufficient and proper. The Court HEREBY ORDERS the following:

    a.    This lawsuit is conditionally certified as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), with the collective to include: All persons enrolled in any Salvation Army Adult Rehabilitation Center from three years plus 266 days prior to the notice mailing date to 90 days after notice is issued and who did not enroll in the program to comply with a court order or as a condition of probation, parole, or community supervision;

    b.    Defendant is directed to produce confidentially available contact information in electronic format for all potential members of the collective to Simpluris—including, if available, the names, current or last known mailing addresses, current or last known e-mail addresses, current or last known telephone numbers (including cell phone numbers), dates of attendance at an ARC, ARC locations, Social Security Number (full or partial, as available), and identification number, if any—within 7 days of the date the Court grants this joint motion and on a bi-weekly basis throughout the notice period;

c. The proposed notices and consent to join forms attached as Exhibits 1-6 are approved;

d. The third-party administrator, Simpluris, is approved to send the Court-approved notices to the collective via U.S. mail, e-mail, and text message, and to conduct the online notice program, described in the Parties' stipulation and in the Simpluris declaration, Exhibit 7;

e. Defendant is directed to provide individualized notice to each participant in an ARC during the notice period and provide periodically-updated certifications that all participants have been provided individualized notice, including participants who joined an ARC during the notice period;

f. Defendant and Plaintiffs shall share the cost of notice as set forth in the Parties' stipulation;

g. The proposed reminder notice is approved and the third-party administrator is authorized to send the reminder notice by mail, email, and text message; and

h. A 90-day opt-in period is approved.

SO ORDERED this 10th day of May, 2023.

_____
Sarah E. Geraghty
United States District Court Judge